DAVIS WRIGHT TREMAINE LLP
Robert Balin
1633 Broadway, 27th Floor
New York, NY 10019-6708
Telephone: (212) 489-8230

DAVIS WRIGHT TREMAINE LLP
James C. Grant, *Pro hac vice* application to be filed
Eric M. Stahl, *Pro hac vice* application to be filed
Ambika K. Doran, *Pro hac vice* application to be filed
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.
Bruce S. Rosen
210 Park Ave., Suite 301
Florham Park, N.J. 07932
Telephone: (973) 635-6300

*Attorneys for Plaintiff Backpage.com, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BACKPAGE.COM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JAY HOFFMAN, Acting Attorney General of the State of New Jersey; JOHN L. MOLINELLI, Bergen County Prosecutor, *et al.*;<br><br>Defendants, in their official capacities. | CIVIL ACTION NO. _____<br><br>**[PROPOSED] PRELIMINARY INJUNCTION ENJOINING ENFORCEMENT OF N.J.S.A. § 2C:13-10** |

THIS MATTER, having come before the Court on the Motion of Plaintiff

Backpage.com, LLC ("Backpage.com") for a Temporary Restraining Order and Preliminary

1

Injunction, and the Court having considered the Motion, materials filed in support of the Motion, the opposition of Defendants, if any, as well as the Verified Complaint filed by Backpage.com, the Court finds, concludes and orders as follows and as set forth on the record:

## I.     FINDINGS AND PRIOR PROCEEDINGS

1.     N.J.S.A. § 2C:13-10 (the "Act") was scheduled to take effect July 1, 2013, unless enjoined by this Court.

2.     Backpage.com filed its Motion on June 26, 2013, and the Court thereafter

_____

[disposition of request for Temporary Restraining Order and for Order to Show Cause]

3.     Defendants have responded to the Motion, Backpage.com replied, and the Court held a hearing on the Motion on _____.  Based on the submissions and arguments of the parties, the Court now enters this Order.

## II.     CONCLUSIONS OF LAW

4.     Backpage.com has shown a likelihood of success on the merits of its claim, pursuant to 27 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, as well irreparable harm, the balance of equities tipping strongly in its favor, and injury to the public interest, justifying injunctive relief, as set forth more fully below.

5.     Backpage.com has shown a likelihood of success on its claim that N.J.S.A. § 2C:13-10.b(1) violates Section 230 of the Communications Decency Act, 47 U.S.C. § 230. N.J.S.A. § 2C:13-10.b(1) threatens to impose criminal liability on Backpage.com and other

online service providers for content provided by third parties.  The law therefore treats online service providers as the publishers or speakers of information provided by other information content providers and is inconsistent with and preempted by Section 230.  47 U.S.C. § 230(c)(1), (e)(3).

6. Backpage.com has shown a likelihood of success on the merits of its claim that N.J.S.A. § 2C:13-10.b(1) violates the First and Fourteenth Amendments to the United States Constitution because it is a criminal law that punishes speech but lacks an appropriate element of scienter to avoid chilling protected speech.

7. Backpage.com has shown a likelihood of success on the merits of its claim that N.J.S.A. § 2C:13-10.b(1) violates the First and Fourteenth Amendments because the law is overbroad and not narrowly tailored to the State's asserted government interest.  N.J.S.A. § 2C:13-10.b(1) is not narrowly tailored because it burdens or would preclude a substantial amount of lawful speech.

8. Backpage.com has shown a likelihood of success on the merits of its claim that N.J.S.A. § 2C:13-10.b(1) violates the Commerce Clause, U.S. Const., Art. 1, § 8, because the law purports to regulate conduct wholly outside the State of New Jersey.

9. Because N.J.S.A. § 2C:13-10.b(1) will result in the immediate infringement of First Amendment rights, this Court may presume that irreparable harm will result.  In addition, Backpage.com has shown it will suffer irreparable harm if the State is allowed to enforce N.J.S.A. § 2C:13-10.b(1) because it will be forced to choose between risking felony liability and censoring third-party speech on its website to ensure no such content runs afoul of N.J.S.A. § 2C:13-10.b(1).  Other online service providers will also suffer irreparable harm

for similar reasons.  And the public will suffer irreparable harm through the loss of protected speech freedoms, including online forums for speech and the ability to speak anonymously.

    10.    There is no harm to Defendants in maintaining the status quo compared to the substantial threats to free speech rights of Backpage.com, other online service providers, their users and the public as a whole.  The balance of equities therefore tips strongly in favor of granting injunctive relief.

    11.    An injunction here is in the public interest.  The Third Circuit has found that "[c]urtailing constitutionally protected speech will not advance the public interest, and neither the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law."  *ACLU v. Reno*, 217 F.3d 162, 180 (3d Cir. 2000) (citation and quotation marks omitted), *vacated on other grounds sub nom Ashcroft v. ACLU*, 535 U.S. 564 (2002).

    THEREFORE, the Court ORDERS as follows:

    (A)    Defendants are ENJOINED from taking any actions to enforce N.J.S.A. § 2C:13-10.b(1) or pursue prosecution under the law in any way;

    (B)    This injunction will issue without the requirement of any security bond because Backpage.com has shown a likelihood of success on its claims under the Communications Decency Act and infringement of First and Fourteenth Amendment and Commerce Clause rights.  The Court additionally finds that Defendants will suffer little or no harm from maintaining the status quo.

  (C) This injunction shall take effect immediately and remain in effect during the duration of this action and through final judgment, absent reversal or amendment by appellate order.

  SO ORDERED this _____ day of June, 2013.

                _____
                UNITED STATES DISTRICT JUDGE