Exhibit A



| 104TH CONGRESS 2d Session | HOUSE OF REPRESENTATIVES | REPORT 104–458 |
| --- | --- | --- |

## TELECOMMUNICATIONS ACT OF 1996

JANUARY 31, 1996. Ordered to be printed

Mr. BLILEY, from the committee of conference,
submitted the following

## CONFERENCE REPORT

[To accompany S. 652]

The committee of conference on the disagreeing votes of the two Houses on the amendments of the House to the bill (S. 652), to provide for a pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening all telecommunications markets to competition, and for other purposes, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the Senate recede from its disagreement to the amendment of the House to the text of the bill and agree to the same with an amendment as follows:

In lieu of the matter proposed to be inserted by the House amendment, insert the following:

**SECTION 1. SHORT TITLE; REFERENCES.**

(a) SHORT TITLE.—This Act may be cited as the "Telecommunications Act of 1996".

(b) REFERENCES.—Except as otherwise expressly provided, whenever in this Act an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of the Communications Act of 1934 (47 U.S.C. 151 et seq.).

**SEC. 2. TABLE OF CONTENTS.**

The table of contents for this Act is as follows:

Sec. 1. Short title; references.
Sec. 2. Table of contents.
Sec. 3. Definitions.

22–327

193

### SECTION 507—PROTECTION OF MINORS AND CLARIFICATION OF CURRENT LAWS REGARDING COMMUNICATION OF OBSCENE MATERIALS THROUGH THE USE OF COMPUTERS.

*Senate bill*

No provision.

*House amendment*

Section 403(a)(2) of the House amendment made conforming and clarifying amendments to sections 1462, 1467, and 1469 of title 18, United States Code. Those statutes currently prohibit the interstate transportation of obscenity for the purpose of sale or distribution, whether commercial or non-commercial in nature. These statutes outlaw the importation of obscenity, by whatever means. These provisions were intended to simply clarify sections 1462, 1465, and 1467 of title 18, United States Code.

*Conference agreement*

The Senate recedes to the House with modifications. Section 507 simply clarifies that the current obscenity statutes, in fact, do prohibit using a computer to import and receive an importation of, and transport to sell or distribute, "obscene" material.

The amendments made by this section are clarifying and shall not be interpreted to limit or repeal any prohibition contained in sections 1462 or 1465 of title 18, United States Code, before such amendment, under the rule established in *United States v. Alpers*, 338 U.S. 680 (1950).

### SECTION 508—COERCION AND ENTICEMENT OF MINORS

*Senate bill*

Several provisions of the Senate bill protect children from harassing, indecent or obscene communications.

*House amendment*

Several provisions of the House amendment protect children from obscene or indecent communications.

*Conference agreement*

Section 508 would amend section 2422 of title 18 to prohibit the use of a facility of interstate commerce which includes telecommunications devices and other forms of communication for the purpose of luring, enticing, or coercing a minor into prostitution or a sexual crime for which a person could be held criminally liable, or attempt to do so. On July 24, 1995, the Senate Judiciary Committee held a hearing on online indecency, obscenity, and child endangerment. The record of this hearing supports the need for Congress to take effective action to protect children and families from online harm.

### SECTION 509—ONLINE FAMILY EMPOWERMENT

*Senate bill*

No provision.

194

*House amendment*

Section 104 of the House amendment protects from civil liability those providers and users of interactive computer services for actions to restrict or to enable restriction of access to objectionable online material.

*Conference agreement*

The conference agreement adopts the House provision with minor modifications as a new section 230 of the Communications Act. This section provides "Good Samaritan" protections from civil liability for providers or users of an interactive computer service for actions to restrict or to enable restriction of access to objectionable online material. One of the specific purposes of this section is to overrule *Stratton-Oakmont v. Prodigy* and any other similar decisions which have treated such providers and users as publishers or speakers of content that is not their own because they have restricted access to objectionable material. The conferees believe that such decisions create serious obstacles to the important federal policy of empowering parents to determine the content of communications their children receive through interactive computer services.

These protections apply to all interactive computer services, as defined in new subsection 230(e)(2), including non-subscriber systems such as those operated by many businesses for employee use. They also apply to all access software providers, as defined in new section 230(e)(5), including providers of proxy server software.

The conferees do not intend, however, that these protections from civil liability apply to so-called "cancelbotting," in which recipients of a message respond by deleting the message from the computer systems of others without the consent of the originator or without having the right to do so.

### SUBTITLE B—VIOLENCE

#### SECTION 551—PARENTAL CHOICE IN TELEVISION PROGRAMMING

*Senate bill*

Sections 501–505 of Senate bill gives the industry one year to voluntarily develop a ratings system for TV programs. If the industry fails to do so, a Federal TV Ratings Commission would set the ratings. The Commission would be appointed by the President, subject to confirmation by the Senate and would establish rules for rating the level of violence and other objectionable content in programs. The Board would also establish rules for TV broadcasters and cable systems to transmit the ratings to viewers. The Commission would be authorized funds necessary to carry out its duties. The Senate bill requires TV manufacturers to equip all 13 inch or greater TV sets with circuitry to block rated shows.

*House amendment*

Section 305 of the House amendment gives the cable and broadcast industries one year to develop voluntary ratings for video programming containing violence, sex and other indecent materials and to agree voluntarily to broadcast signals containing such ratings. If the industry fails to come up with an acceptance plan, the