## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BACKPAGE.COM, LLC,

      Plaintiff,

          v.

JOHN JAY HOFFMAN, Acting Attorney
General of the State of New Jersey, *et al.*;

          Defendants, in their official
          capacities.


THE INTERNET ARCHIVE,

      Plaintiff,

          v.

JOHN JAY HOFFMAN, Acting Attorney
General of the State of New Jersey, *et al.*;

          Defendants, in their official
          capacities.

**CIVIL ACTION NO. 13-3952**

**(CONSOLIDATED ACTIONS)**

**PRELIMINARY INJUNCTION
ENJOINING ENFORCEMENT OF
N.J.S.A. § 2C:13-10**

THIS MATTER, having come before this Court on the Motion of Plaintiffs Backpage.com, LLC ("Backpage.com") and the Internet Archive (collectively "Plaintiffs"), and the Court having first granted a Temporary Restraining Order, and then having considered Plaintiffs' Motions for a Preliminary Injunction and materials filed in support of those motions, as well as considering the opposition of Defendants and the interests of Amici, the Court finds, concludes and **ORDERS** as follows and as set forth on the record August 9, 2013:

## I.   FINDINGS AND PRIOR PROCEEDINGS

1.   N.J.S.A. § 2C:13-10 (the "Act") was scheduled to take effect July 1, 2013, unless enjoined by this Court.

2.   Backpage.com and the Internet Archive filed Motions seeking temporary and permanent restraints on June 26, 2013, and the Court thereafter issued a Temporary Restraining Order on June 28, 2013.

3.   This Court held a hearing on the Motion on August 9, 2013.  Based on the submissions and arguments of the parties and Amici, the Court now enters this Order.

## II.   CONCLUSIONS OF LAW

4.   Plaintiffs have shown a likelihood of success on the merits of their claims, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, as well as irreparable harm, the balance of equities tipping strongly in their favor, and injury to the public interest, justifying injunctive relief, as set forth more fully below.

5.   Plaintiffs have shown a likelihood of success on their claim that the Act is likely inconsistent with and is therefore preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  Section 230 prohibits "treat[ing]" a "provider or user of an interactive computer service" as the "publisher or speaker of any information provided by another information content provider."  Both Backpage.com and the Internet Archive are providers of interactive computer services within the meaning of Section 230.

6.   Section 12(b)(1) of the Act runs afoul of Section 230 by attempting to impose liability on Backpage.com and the Internet Archive for information created by third parties, namely ads for commercial sex acts depicting minors – so long as each "knows" that it is

2

publishing, disseminating, displaying, or causing to be published, disseminated or displayed, such information.

7.      Additionally, the Act is inconsistent with Section 230 because it likely criminalizes the "knowing" publication, dissemination, or display of specified content.

8.      Even if the Act were not expressly preempted by Section 230, it likely conflicts with the CDA because "the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the Congress." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012).

9.      Plaintiffs have shown a likelihood of success on the merits of their claim that the Act violates the First and Fourteenth Amendments to the United States Constitution because the Act is a criminal law that punishes speech but lacks an appropriate element of scienter.

10.      Plaintiffs have shown a likelihood of success on the merits of their claim that the Act is a content-based restriction on speech that is not narrowly tailored and is not the least restrictive alternative available.

11.      Plaintiffs have shown a likelihood of success on the merits of their claim that the Act is overbroad as it criminalizes fully protected speech and is unduly vague as it imposes severe criminal liability without providing reasonable notice of which speech is prohibited.

12.      Plaintiffs have shown a likelihood of success on the merits of their claim that the Act is likely unconstitutionally vague, specifically in its definition of "advertisements for a commercial sex act," including "any implicit offer" of sex for "something of value."

13.     Plaintiffs have shown a likelihood of success on the merits of their claim that the Act violates the Commerce Clause, U.S. Const., Art. 1, § 8, because the law purports to regulate conduct wholly outside the State of New Jersey.

14.     Because the Act likely would result in the immediate infringement of First Amendment rights, Plaintiffs have unquestionably demonstrated that irreparable harm may result.  Absent injunctive relief, Plaintiffs may face serious criminal liability.

15.     The balance of equities weighs in favor of granting injunctive relief.  No prosecutions have yet been undertaken under the law, so none will be disrupted if the injunction stands.  *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 671 (2004).  While the injunction is upheld, New Jersey can enforce other laws banning prostitution and the exploitation of minors.

16.     An injunction is in the public interest.  Where a prosecution is a likely possibility, yet only an affirmative defense is available, speakers may self-censor rather than risk the perils of trial. There is a potential for extraordinary harm and a serious chill upon protected speech."  *Ashcroft*, 542 U.S. at 670-1.

**THEREFORE**, it is, on this ___16th___ day of August 2013, hereby **ORDERED** as follows:

(A)     Defendants are **ENJOINED** from taking any actions to enforce N.J.S.A. § 2C:13-10.b(1) or pursue prosecution under the law in any way;

(B)     This injunction will issue without the requirement of any security bond because Plaintiffs have shown a likelihood of success on their claims under the

4

Communications Decency Act and infringement of First and Fourteenth Amendment and Commerce Clause rights.

     (C)    This injunction shall replace the temporary restraints in place and shall remain in effect during the duration of this action and through final judgment, absent reversal or amendment by appellate order.

     **SO ORDERED**

DENNIS M. CAVANAUGH
UNITED STATES DISTRICT JUDGE