IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BACKPAGE.COM, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN JAY HOFFMAN, Acting Attorney General of the State of New Jersey, *et al.*;<br><br>    Defendants, in their official capacities.<br><br>―――<br><br>THE INTERNET ARCHIVE,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>JOHN JAY HOFFMAN, Acting Attorney General of the State of New Jersey, *et al.*;<br><br>    Defendants, in their official capacities. | CIVIL ACTION NO. 2:13-03952<br><br>(CONSOLIDATED ACTIONS)<br><br>**ORDER FOR ENTRY OF FINAL JUDGMENT ENJOINING ENFORCEMENT OF N.J.S.A. § 2C:13-10(b)(1)** |

**THIS COURT**, having considered the Motion for Summary Judgment filed by Plaintiffs, and there being no opposition from Defendants, and there being no factual disputes, and based upon this Court's findings and this Court's prior orders, findings and conclusions in these actions, and the parties having stipulated to the following relief and dismissal of these consolidated actions with prejudice,

**IT IS**, on this 21st day of November, 2014, **HEREBY ORDERED, ADJUDGED and DECREED** that:

1. Plaintiffs have standing to pursue the claims in these actions pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. The Court declares that N.J.S.A. § 2C:13-10(b)(1):

1

    a. Violates and is preempted by section 230 of the Communications Decency Act, 47 U.S.C. § 230;

    b. Violates the First and Fourteenth Amendments to the United States Constitution because it lacks an appropriate element of scienter to avoid chilling protected speech;

    c. Violates the First and Fourteenth Amendments because the law is unconstitutionally vague;

    d. Violates the First and Fourteenth Amendments because the law is overbroad and not narrowly tailored to the State's asserted governmental interests; and

    e. Violates the dormant Commerce Clause, U.S. Const., Art. 1, § 8.

3. Because N.J.S.A. § 2C:13-10(b)(1) will result in the loss or derogation of First Amendment and other constitutional and federal statutory rights; because irreparable harm would result to online service providers and to the public generally if the statute were allowed to take effect; because the balance of equities favors granting permanent injunctive relief; and because an injunction is in the public interest; the Court therefore enters a PERMANENT INJUNCTION as follows:

    a. Defendants and all other persons are permanently enjoined from enforcement of N.J.S.A. § 2C:13-10(b)(1) in any way, including, but not limited to taking any action to enforce the statute in any way or pursuing prosecution of any person under the statute in any way;

    b. This permanent injunction shall take effect as of the date of this Order; and

    c. The Clerk of Court is directed to enter a final judgment in accordance with this Order, terminating these actions, with prejudice.

    d. This Order and the final judgment of this Court do not preclude enforcement of N.J.S.A. § 2C:13-10(b)(2) solely against persons who knowingly

purchase advertising in New Jersey for a commercial sex act which includes the depiction of a minor.

**SO ORDERED.**

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE